1

2

3

4

5                    UNITED STATES DISTRICT COURT
              WESTERN DISTRICT OF WASHINGTON
6                            AT SEATTLE

7   DAWN W.,

8                          Plaintiff,          CASE NO. C18-5766-MAT

9         v.

                                               ORDER  RE: SOCIAL SECURITY
10  NANCY A. BERRYHILL, Deputy                  DISABILITY APPEAL
    Commissioner of Social Security for
11  Operations,

12
                           Defendant.
13

14        Plaintiff proceeds through counsel in her appeal of a final decision of the Commissioner of

15  the Social Security Administration (Commissioner).    The Commissioner denied plaintiff's

16  application for Supplemental Security Income (SSI) after a hearing before an Administrative Law

17  Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all

18  memoranda, this matter is REMANDED for further administrative proceedings.

19                      **FACTS AND PROCEDURAL HISTORY**

20        Plaintiff was born on XXXX, 1965.[1]  She completed high school and two years of college.

21  (AR 64.)   While she performed some part-time work, plaintiff has not performed substantial

22  gainful activity since 1994 and has no qualifying past relevant work.  (AR 38, 52, 62, 66-67, 85.)

23
    _____

         [1] Dates of birth must be redacted to the year.  Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

    ORDER
    PAGE - 1

Plaintiff protectively filed for SSI on June 10, 2015, alleging disability beginning October 30, 2008. (AR 225-33.)   The application was denied initially and on reconsideration.

On August 2, 2017, ALJ Rudolph Murgo held a hearing, taking testimony from plaintiff and a vocational expert (VE).  (AR 58-91.)  At hearing, plaintiff amended her alleged onset date to her June 10, 2015 SSI application date.  On October 4, 2017, the ALJ issued a decision finding plaintiff not disabled since the application date.  (AR 17-27.)  The ALJ noted the denial of a prior application on June 26, 2013 was administratively final, but the presumption of continuing non-disability had been rebutted given the intervening change in plaintiff's age category.  (AR 17.)

Plaintiff timely appealed.  The Appeals Council denied plaintiff's request for review on July 18, 2018 (AR 1), making the ALJ's decision the final decision of the Commissioner.  Plaintiff appealed this final decision of the Commissioner to this Court.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2000).  At step one, it must be determined whether the claimant is gainfully employed.  The ALJ found that, while plaintiff worked as a caregiver/companion for several months in 2016, she had not engaged in substantial gainful activity since the alleged onset date.  At step two, it must be determined whether a claimant suffers from a severe impairment.  The ALJ found plaintiff's obesity, degenerative disc disease of the spine, depression, anxiety, and posttraumatic stress disorder severe.  Step three asks whether a claimant's impairments meet or equal a listed impairment.  The ALJ found plaintiff's impairments did not meet or equal the criteria of a listed impairment.

ORDER
PAGE - 2

1    If a claimant's impairments do not meet or equal a listing, the Commissioner must assess

2    residual functional capacity (RFC) and determine at step four whether the claimant has

3    demonstrated an inability to perform past relevant work. The ALJ found plaintiff able to perform

4    light work, except that she is limited to occasional climbing, stooping, kneeling, crouching, and

5    crawling, and should avoid concentrated exposure to cold, vibration, and hazards. He also found

6    plaintiff limited to simple, entry-level work and to not more than occasional interaction with the

7    public and co-workers. Plaintiff had no past relevant work to consider at step four.

8    If a claimant demonstrates an inability to perform past relevant work, or has no past

9    relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant

10   retains the capacity to make an adjustment to work that exists in significant levels in the national

11   economy. With the assistance of the VE, the ALJ found plaintiff capable of performing other jobs,

12   such as work as a routing clerk, production assembler, and bottling line attendant.

13   This Court's review of the ALJ's decision is limited to whether the decision is in

14   accordance with the law and the findings supported by substantial evidence in the record as a

15   whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). *Accord Marsh v. Colvin*, 792 F.3d

16   1170, 1172 (9th Cir. 2015) ("We will set aside a denial of benefits only if the denial is unsupported

17   by substantial evidence in the administrative record or is based on legal error.") Substantial

18   evidence means more than a scintilla, but less than a preponderance; it means such relevant

19   evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v.*

20   *Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of

21   which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278

22   F.3d 947, 954 (9th Cir. 2002).

23   Plaintiff argues the ALJ erred in assessing her symptom testimony and in rejecting the

ORDER
PAGE - 3

opinion of an examining psychologist. She requests remand for further administrative proceedings. The Commissioner argues the ALJ's decision has the support of substantial evidence and should be affirmed.

<u>Medical Opinion</u>

Plaintiff avers the ALJ improperly rejected the opinion of examining psychologist Dr. David Morgan. The record contains two reports from Dr. Morgan performed on behalf of the Department of Social and Health Services (DSHS), dated March 26, 2015 (AR 361-65) and February 14, 2017 (AR 862-66). Although a report is not contained in the record, Dr. Morgan references an earlier examination, some ten months prior to his 2015 report. (AR 361.) In both 2015 and 2017, Dr. Morgan assessed marked limitations in plaintiff's ability to perform activities within a schedule/maintain attendance/be punctual, perform routine tasks, adapt to changes, make simple work-related decisions, communicate and perform effectively, maintain appropriate behavior, and complete a normal workday/week. (AR 363, 864.) In 2017, Dr. Morgan added marked limitations in asking simple questions/requesting assistance and setting realistic goals and planning independently. (AR 864.)

The ALJ assigned the 2017 opinions of Dr. Morgan little weight, stating: "He is not a treating source and uses a different standard than the Social Security Administration." (AR 25.) The ALJ also stated the opinion was "limited to a duration of eight months, which does not meet Social Security standards." (*Id*.) He assigned Dr. Morgan's 2015 opinions little weight "for the same reasons and because it was from prior to the current application date." (*Id*.) The ALJ noted plaintiff's testimony she first saw Dr. Morgan as a requirement for DSHS and had seen him a total of three times, and noted the first two visits were prior to the period at issue.

The record also contains opinions from non-examining State agency psychological

ORDER
PAGE - 4

consultants Drs. John Gilbert and John Warren, dated on September 11, 2015 and March 21, 2016 respectively. (AR 132-33, 148-49.) These psychologists opined plaintiff could perform one-to-three step tasks, as well as more detailed tasks, would have occasional difficulties maintaining concentration, persistence, or pace when symptomatic, but remained capable of simple tasks and more detailed tasks with reasonable concentration, persistence or pace, attending work in customary tolerances, working in a routine, and completing a normal workday/week. (*Id*.) The ALJ gave the opinions of Drs. Gilbert and Warren significant weight because they reviewed the medical evidence of record and explained the basis of their opinions. However, he found plaintiff further limited to simple, entry-level work and not more than occasional interaction with the public and co-workers based on evidence received at hearing.

The only other medical opinions addressing plaintiff's psychological impairments came from Drs. Phyllis Sanchez and Janis Lewis, psychologists who performed DSHS review of medical records in early April 2015. (AR 367-71.) Both psychologists considered Dr. Morgan's 2015 report. Dr. Lewis found insufficient evidence regarding plaintiff's current activities of daily living and noted her current mini-mental status examination was within normal limits (AR 370). She also indicated plaintiff had an onset date of May 1, 2014 "with a duration of 7 months." (AR 371.) The ALJ assigned the opinions little weight because they are dated prior to the period at issue.

Given the existence of contradictory medical opinions, the ALJ could only reject Dr. Morgan's opinions with "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996) (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). In one respect, the ALJ offered a specific and legitimate reason. He noted Dr. Morgan, in 2017, found a duration of eight months impairment with available treatment. (AR 865.) In 2015, Dr. Morgan assessed the duration of impairment at

seven months.  (AR 364.)  To meet the definition of disability, a claimant must be found unable to engage in substantial gainful activity "by reason of any medically determinable physical or mental impairment. . . which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. § 1132c(a)(3)(A).  The ALJ reasonably limited the weight assigned Dr. Morgan's opinions given their limited duration. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008).

Plaintiff argues the evidence from Dr. Morgan easily satisfies the twelve-month durational requirement given his three examinations and 2017 observation her "mental health symptoms do not seem to have changed much in the past couple of years[.]"  (AR 865.)  However, "[w]here the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld."  *Morgan v. Commissioner of the SSA*, 169 F.3d 595, 599 (9th Cir. 1999).  The ALJ rationally construed the evidence as showing Dr. Morgan opined, with available treatment, the assessed degree of impairment would last a maximum of seven or eight months.  This reading accounts for the situational factors at the time of each evaluation.  (AR 361 ("'I became homeless again, so there is still a lot of depression and anxiety.' . . . She continues to be very worried about her current situation and her future, and finds that she will go between periods of depression and then anxiety on a regular basis.  She reports that so much of her life is unknown and in commotion, that she doesn't have an emotional safe haven."); AR 862 ("'One of my biggest worries is being homeless.  I was on the street for a week, and now I'm back at my daughter's house, staying on the porch.  I just get really worried about what is going to happen to me and where I'm going to be that night.'"))  It is also consistent with Dr. Lewis's reading of the evidence and assignment of a seven-month duration.  (AR 370-71.)

Nonetheless, the Court finds several issues with the ALJ's consideration of the opinion

evidence from Dr. Morgan. First, while purporting to consider the February 2017 opinion from Dr. Morgan, the ALJ described only the marked limitations he assessed in 2015, omitting the additional marked limitations in asking questions/requesting assistance and setting realistic goals/ planning independently. (AR 25, 864.) Second, the ALJ found Dr. Morgan used a different standard for evaluating plaintiff than the Social Security Administration (SSA), but failed to identify any differences in the standard utilized. Third, the ALJ rejected the 2015 opinion, in part, because it predated the period under consideration, without acknowledging it is dated only slightly over two months prior to the amended onset date. (*See* AR 364.) As plaintiff observes, Social Security regulations direct the review of medical records for twelve months prior to the date of an SSI application. 20 C.F.R. § 416.912(b)(1). While the ALJ may properly discount medical opinion evidence predating the date of onset, *Carmickle,* 533 F.3d at 1165, the close proximity of this evaluation should not be ignored. Finally, while the ALJ accurately observed Dr. Morgan did not treat plaintiff, it is also true he had the opportunity to examine plaintiff on three occasions and is a specialist, *see* 20 C.F.R. § 416.927(c)(5).

Given the multiple issues in the analysis as identified above, the Court finds substantial evidence support lacking for the ALJ's assessment of the opinions of Dr. Morgan. This matter is properly remanded for further consideration of Dr. Morgan's opinions.

Symptom Testimony

Absent evidence of malingering, an ALJ must provide specific, clear, and convincing reasons to reject a claimant's testimony. *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834. In considering the intensity, persistence, and limiting effects of a claimant's symptoms, the ALJ "examine[s] the

entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record." Social Security Ruling (SSR) 16-3p.[2]

The ALJ found plaintiff's statements concerning the intensity, persistence, and limiting effects of symptoms not entirely consistent with the medical evidence and other evidence in the record. (AR 22-23.) He properly supported that conclusion with several specific, clear, and convincing reasons, including inconsistency with the medical evidence, *see Carmickle*, 533 F.3d at 1161; *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001); with the ability to work part-time and hold herself out for more jobs, *see Bray v. Comm'r of SSA*, 554 F.3d 1219, 1221, 1227 (9th Cir. 2009); and with evidence of her activities, *see Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007), such as spending time with her boyfriend, extensive walking, staying out of the house, gardening, walking her dogs, and caring for her grandchildren. The ALJ also reasonably construed the record to reflect significant situational factors, such as anxiety associated with being homeless, difficulties with her daughter's boyfriend and his drinking, and trouble sleeping on a couch, interrupted by visits from her toddler-aged grandchildren. *See Chesler v. Colvin*, No. 13-36098, 2016 U.S. App. LEXIS 8836 at *2 (9th Cir. May 13, 2016) (finding support for ALJ's conclusion claimant's mental health symptoms were situational and unlikely to persist with improved circumstances).

Plaintiff fails to undermine the substantial evidence support for the ALJ's conclusion. She argues, for example, the ALJ failed to adequately explore the circumstances surrounding her ability

---

[2] Effective March 28, 2016, the SSA eliminated the term "credibility" from its policy and clarified the evaluation of a claimant's subjective symptoms is not an examination of character. SSR 16-3p. The Court continues to cite to relevant case law utilizing the term credibility.

to walk extensive distances and her temporary part-time job. However, the ALJ reasonably found reports of plaintiff's frequent, extensive walking inconsistent with her testimony she could walk "[m]aybe a block" before needing "to sit down or stop and stretch." (*See, e.g.*, AR 80, 554, 725, 863 ("She spends her days walking her dogs around town.")) The ALJ also reasonably considered not only that plaintiff worked, but that she continued to look for employment after her temporary position ended. (*See* AR 698 (May 2016: "looking for employment by posting Craiglist adds [sic], making phone calls to previous employer business."); AR 992, 994 (January 2017: considering beginning work as a live in caregiver, "It would pay her about $600 a month and she is not sure how that would affect her SSI case."; "She is still going to be a caregiver on the weekends[.]"))

Nor does plaintiff support her contention the ALJ failed to sufficiently explore her ability to care for her three-and-a-half year old and one-and-a-half year old grandchildren while her daughter worked from 3:00 p.m. until 1:00 a.m., without the assistance of her daughter's boyfriend. In fact, the transcript of the hearing reveals the ALJ delved into the circumstances surrounding this activity. (AR 72-76.) The record also supports the ALJ's conclusion this activity contradicted plaintiff's testimony as to the degree of her impairment. (*See, e.g.*, AR 655 ("Feels exhausted, also watching 1 and 3 grandson. Had to cancel PT this month to watch them."); AR 1015 ("[S]he was told she would babysit 4 hours. It ended up being 7 hours. . . . [H]er daughter's boyfriend slept in and then did not come home after work until 7. He also stayed home one day and still made Dawn watch the kids."); AR 1021 ("My back is pretty bad, between babysitting, starting physical therapy, and getting shoved by Brian."))

Plaintiff also contends the ALJ claims to have not applied the presumption of continuing non-disability in this case, while appearing to expect her to show an objective worsening of her back impairment. However, the ALJ reasonably construed the evidence, including both prior and

current imaging, treatment recommendations for physical and pool therapy, diet, and exercise, and other aspects of the medical record, including consistent notations of a normal gait, to continue to support a light RFC.  (AR 23.)

Plaintiff, in sum, takes a different view of the evidence.  The ALJ is responsible for assessing the medical evidence and resolving any conflicts or ambiguities in the record.  *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014); *Carmickle*, 533 F.3d at 1164.  Because the ALJ's interpretation of the evidence is at least equally rational to that offered by plaintiff, there is no basis for disturbing his decision to find plaintiff's statements not entirely consistent with the medical and other evidence in the record.  *See Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (when evidence reasonably supports either confirming or reversing the ALJ's decision, the court may not substitute its judgment for that of the ALJ); *Morgan*, 169 F.3d at 599 ("Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld.").  Therefore, the ALJ need only re-examine plaintiff's symptom testimony to the extent necessitated by further consideration of the medical opinion of Dr. Morgan.

## CONCLUSION

For the reasons set forth above, this matter is REMANDED for further proceedings.

DATED this 5th day of June, 2019.

Mary Alice Theiler
United States Magistrate Judge